ALPHA CATON v. A. H. STEWART.

*Contract against the Policy of the Law.*

Where a store-keeper (under the U. S. Revenue Laws) in charge of a dis-
tillery belonging to A, promised to give A a certain sum per month as
long as he " continued to carry on a distillery ;" *Held*, in an action by
A upon the promise, that the contract was against the policy of the law
and A was not entitled to recover.

CIVIL ACTION, tried at Fall Term, 1876, of DAVIE Superior
Court, before *Kerr, J.*

This action was brought in a Justice's Court and taken by
appeal to the Superior Court.

The plaintiff alleged that the defendant had promised to
pay him $25.00 per month for a specified time, " while the
plaintiff continued to carry on a distillery." The distillery
was a licensed one. The defendant was an officer of the
United States Government, a store-keeper, and stationed at
the distillery of the plaintiff.

The defendant denied the promise and insisted that if
such promise had been made it was against the policy of
the law.

The plaintiff informed the defendant that he would be compelled to suspend the distillery business as he was not realizing any profit therefrom; and the defendant thereupon proposed that if he would continue the business so that his office of store-keeper and its emoluments would not be interfered with he would pay plaintiff $25.00 per month. In consideration of this promise the plaintiff did continue the business. There was no intention to defraud the Government nor was the Government defrauded by the arrangement, but the plaintiff continued to pay taxes as they fell due. The defendant paid for a part of the time according to contract but afterwards refused, and thereupon this action was brought.

Under the instructions of the Court the jury rendered a verdict for the plaintiff. Judgment. Appeal by the defendant.

*Messrs. Watson & Glenn* and *J. A. Gilmer*, for plaintiff.
*Mr. J. M. McCorkle*, for defendant, argued; That it was an indirect agreement tending to induce the defendant not to do his duty as store-keeper and therefore void. Rev. Stat. U. S. §§ 3153, 3154–3273 *et seq.* Addison on Contracts, §§ 253–259; Comyn on Contracts, 34; *McNeil* v. *Cahill*, 3 Bligh's Rep. 229; *Egerton* v. *Earl Brownlow*, 4 H. L. Cases 235; *Nerot* v. *Wallace*, 3 Term Rep. 17; *McLeod* v. *McCall*, 3 Jones, 87; *King* v. *Winants*, 71 N. C. 469.

PEARSON, C. J. Prisoner feeds the watch dog and the dog fondles upon prisoner. There is no use in keeping the dog on watch longer. So in our case, as soon as the distiller became a prisoner of the store-keeper and the store-keeper agreed "to divide profits" there was no use in having *such a store-keeper*, and the policy of the government in providing "store-keepers" at high wages was thereby completely frustrated.

CATON *v.* STEWART.

By this agreement the store-keeper was " led into tempta-- tion," for he could not deal hard, that is "-watch closely" his prisoner and dependant, because their mutual interests required that the distillery should be kept in operation.

The distiller was led into temptation to defraud the Government for he had an assurance that his operations would not be watched very closely. Had this arrangement been made known to the Revenue Officer it would have been his duty instantly to discharge the store-keeper.

The transaction as nearly approaches " bribery and corruption" as can be well imagined.

If the store-keeper had agreed to receive of the distiller $25.00 a month out of his profits it would have been a case of bribery. Here the store-keeper agrees to pay the distiller $25.00 a month out of his wages in order to induce him to continue his operations, and the corruption consists in the fact that the distiller was thereby assured that he would not be closely watched, thus defeating the policy of the Act of Congress in the regulations for the appointment of store-keepers at high wages and detailed instructions to watch the operations of distillers.

Whenever parties enter into an arrangement whereby the policy of the law is defeated, they are in "*pari delicto,*" and the law will not aid either party. See the cases cited in the brief of *Mc Corkle,* counsel for defendant.

There is error. Judgment below reversed, and upon the facts agreed judgment that defendant go without day and recover his costs.

PER CURIAM.                    Judgment reversed.